UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VALERIE AGALIA DICKINSON : | |
| Plaintiff, : | |
| vs. : | No. 3:13cv524(SRU)(WIG) |
| ONE WEST BANK FSB, : | |
| Defendant. : | |

-------------------------------------------------------------X

ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff, Valerie Agalia Dickinson, has filed a motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Attached to her motion is the form "Financial Affidavit in Support of Application to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915." In response to virtually every question, Plaintiff has responded "N/A," meaning "not applicable." For example, she has responded "not applicable" to whether she is employed and "not applicable" to whether she is unemployed. Contrary to Plaintiff's supposition that this information is "not applicable," it is quite applicable to the Court's determination of whether Plaintiff should be allowed to proceed with her lawsuit without the payment of the filing fee normally required of civil litigants under 28 U.S.C. § 1914. Plaintiff has also failed to provide any information as to her income, assets, and monthly obligations, all of which she has marked "N/A," but which are critical to this Court's decision on her motion.

Proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 is a privilege - not a right. It is a privilege extended to those individuals unable to pay a filing fee when their civil action is not frivolous or malicious. *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir.) ("There is no absolute

right to proceed in court without paying a filing fee in civil matters."), *cert. denied*, 488 U.S. 931 (1988).  The purpose of *in forma pauperis* status under 28 U.S.C. § 1915 is to insure that litigants will not be deprived of access to the courts because of their financial circumstances.  *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985)(Table).

      Applications to proceed *in forma pauperis* trigger a two-step process of review by the district court.  First, the Court must determine whether the litigant qualifies by economic status and, second, whether the cause of action asserted in the complaint is frivolous, malicious or without merit.  *Bey v. Syracuse University*, 155 F.R.D. 413 (N.D.N.Y. 1994).

      With respect to the first step, the Court makes this evaluation based upon an affidavit submitted by the litigant, including a "statement as to all assets," and attesting to the fact that he or she is unable to pay the required court fee or give security therefor.  *See* 28 U.S.C. § 1915(a)(1); *see Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 Fed. Appx. 113, 116 (2d Cir. 2012) (holding that a plaintiff seeking *in forma pauperis* status is required to accurately and truthfully state his financial history and assets).  If the Court finds that the plaintiff's affidavit is insufficient to provide an adequate basis for an *in forma pauperis* determination, the Court should direct the plaintiff to file a supplemental affidavit providing information as to his or her assets and liabilities.  *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 (11th Cir. 2004); *see also Monti,* 600 F. Supp. at 113 (holding that, although typically the court accepts at face value the sworn allegations concerning the applicant's financial status, the court may inquire into such allegations and may demand more specific information, if necessary for a proper assessment of the applicant's financial status).

      Because Plaintiff has failed to submit an affidavit setting forth her income, assets, and

liabilities, as required by the form provided by the Court, the Court is unable to determine whether Plaintiff satisfies the economic eligibility requirements for *in forma pauperis* status. Accordingly, the Court orders Plaintiff to submit a sworn, supplemental "Financial Affidavit in Support of Application to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915," responding to each of the requests for information to the best of her ability. Plaintiff shall submit this supplemental affidavit within 20 days of the date of this Order. Failure to comply with this Order or to obtain an extension of time will result in a recommended denial of Plaintiff's *in forma pauperis* application.

SO ORDERED, this   14th   day of May, 2013, at Bridgeport, Connecticut.

   /s/ *William I. Garfinkel*
  WILLIAM I. GARFINKEL
  United States Magistrate Judge