UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VALERIE AGALIA DICKINSON,
    Plaintiff,

    v.

ONEWEST BANK, FSB and HUNT
LEIBERT JACOBSON PC,
    Defendants.

No. 3:13cv524 (SRU)

## RULING ON MOTION TO DISMISS

*Pro se* plaintiff Valerie Agalia Dickinson has filed a complaint against defendants OneWest Bank, FSB ("OneWest") and Hunt Leibert Jacobson PC ("HLJ") alleging various violations of state, federal, and international laws, all apparently relating to defendants' conspiracy to violate her rights with respect to a forced short sale. Defendants move to dismiss the complaint for failure to state a claim. Specifically, defendants argue that Dickinson has failed to plead a claim with sufficient specificity as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure and failure to plead her fraud claim with the heightened particularity required by Rule 9(b) of the Federal Rules. Further, defendants move to dismiss, arguing estoppel by deed. For the reasons stated below, I **GRANT** defendants' motion to dismiss (doc. # 16), without prejudice.

### I.    Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the material facts alleged in the complaint, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that plaintiff has a valid claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted).  Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (quotation marks omitted).

**II.     Discussion**

It is difficult to discern precisely the claims, if any, alleged in Dickinson's complaint.  From what I can glean from the pleadings, Dickinson alleges that defendants forced her into a short sale, while acting under color of law (Compl. at 2, ¶¶ 4-5), as part of an effort to force "indigenous peoples" into short-sale foreclosures (Compl. at 2, ¶ 6) and "commit hate crimes, genocide, injury to indigenous human [sic], violation of civil rights, violation of autonomy, violation of life liberty and pursuit of happiness" (Compl. at 2, ¶ 7).  The complaint also alleges

what appears to be a due process claim. (Compl. at 2-3, ¶ 8.) For each of these violations, Dickinson seeks compensation for the costs of suit, declaratory, equitable, and injunctive relief, as well as punitive damages.

Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1). The purpose of Rule 8 is "to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]" *Ricciuti v. New York City Trans. Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (citation omitted). In addition, "the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (citation and quotation omitted). The plaintiff's statement of her claim "should be plain because 'the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Where a litigant does not comply with Rule 8's requirements, the court may dismiss the complaint in its entirety in those cases "in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* at 42. Here, Dickinson's complaint is relatively short, but it is not plain. It is certainly not simple. The complaint appears to bring causes of action under various state, federal, and, ostensibly, international laws, each relating to circumstances surrounding a short-sale foreclosure.[1]

---

[1] The complaint may actually comprise two separate complaints, one purporting to bring a claim "Pursuant [to] Title 18, Chapter 13, Sections 241 and 242" (Compl. at 1) and the other a

Defendants claim to understand some elements of Dickinson's claims and have made an effort in their motion to dismiss to show that Dickinson consented to enter into a valid short sale agreement.  Defendants' efforts to clarify the controversy are not enough to demonstrate that defendants have fair notice of the entirety of Dickinson's allegations.  Further, there appears to be an allegation of conspiracy to commit fraud.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Dickinson has failed to meet this heightened standard.  The complaint does no more than baldly allege that there was a fraud in relation to the short sale.  Dickinson does not clearly identify the parties to the fraud, or sufficiently present the circumstances under which that fraud occurred.  Although Rule 9(b) allows that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally," Fed. R. Civ. P. 9(b), and no heightened pleading standards apply to claims brought under 42 U.S.C. § 1983, *Rayman v. Fisher*, 607 F. Supp. 2d 580 (S.D.N.Y. 2009), Dickinson's allegation of a "hate crime" is also lacking sufficient detail.  Because Dickinson has failed to comply with basic pleading standards set forth in the Federal Rules of Civil Procedure, I will not address other arguments defendants make in support of their motion to dismiss.

"When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." *Salahuddin*, 861 F.2d at 40.  Dickinson's opposition to the motion to dismiss presents a slightly clearer picture of the controversy.  She states,

---

"Title 42 Civil Rights Complaint [under] Title 42 section 3-305(3) affective against Holder in Due Course Alleged Bank" as well as an affidavit for lis pendens and an action pursuant to Conn. Gen. Stat. § 52-325 (Compl. at 5).  To add to the confusion, the "supporting facts" section of Dickinson's complaint alleges violations of at least ten separate laws and regulations without actually setting forth the facts needed to plead those claims.

> Plaintiff was forced into short sale, because defendants inflated mortgage and transferred the account to third parties, meanwhile still attempting to collect a debt which is not lawful.  Defendants at the time they were forcing debt collection lack standing.

Pl.'s Opp'n to Mot. to Dismiss, at 1, ¶ 2.  Thus, while her complaint is confusing, her opposition brief presents the kernel of a claim.  Accordingly, Dickinson is granted leave to file an amended complaint.  Dickinson shall draft a single complaint, avoid repeating facts and claims to the fullest extent possible, and abide by Rule 8(a)(2)'s command that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  In each count, the amended complaint should identify a single constitutional or common law violation against a single defendant or set of similarly situated defendants (*e.g.*, the corporate entities or actors involved in the offense). Dickinson should also consider clearly and succinctly titling each count in order to give the defendants and the court further notice of the claims she is pursuing.  Finally, she should set forth sufficient facts to meet the plausibility requirement of *Twombly*.

### III.   Conclusion

For the reasons stated above, I **GRANT** defendants' motion to dismiss (doc. # 16), without prejudice.  Dickinson shall file her amended complaint within 30 days of this ruling.

It is so ordered.

Dated at Bridgeport, Connecticut, this 13th day of January 2014.

                                                    /s/ Stefan R. Underhill
                                                   Stefan R. Underhill
                                                   United States District Judge